IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JAISON O. HARNESS                                                                  PETITIONER

VS.                                                        CIVIL ACTION NO 3:12cv25-DPJ-FKB

TIMOTHY MORRIS                                                                  RESPONDENT

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

Jaison O. Harness was convicted in the Circuit Court of Hinds County, Mississippi, of aggravated driving under the influence (DUI). The Mississippi Supreme Court affirmed his conviction *en banc*. *Harness v. State*, 58 So. 3d 1 (Miss. 2011). Harness then filed the present petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, setting forth one ground for relief: That the state violated his right to confront evidence by destroying his blood sample after he requested it in discovery. Having considered this ground for relief and having carefully reviewed the petition, the response, the traverse, and the state court record, the undersigned recommends that habeas relief be denied.

### II. FACTS AND PROCEDURAL HISTORY

On the evening of August 22, 2003, Jaison Harness and Clyde Hampton, traveling in separate vehicles, were involved in a head-on collision in Jackson, Mississippi. Natyyo Gray, a Jackson police officer dispatched to the scene, found Hampton in his vehicle and Harness standing beside his own vehicle. Harness told Gray that he had been to a social event where he had been drinking, but he denied that he was drunk. Both Harness and Hampton were taken from the scene to hospitals. A few hours later, Joseph Cotton, a

Jackson Police Department accident reconstructionist, went to the respective hospitals where Harness and Hampton were being treated and obtained blood samples for alcohol testing. Hampton died the next morning from his injuries.

The state crime lab analyzed Harness's blood sample and certified a report listing Harness's blood-alcohol level as .11 percent.[1]  Included in the report was the following statement:

> This report represents the analytical results of the examinations performed on the items of evidence in this case. . . .  Should additional material be required for court purposes, please contact the laboratory as soon as possible.  All samples submitted for toxicological examinations will be routinely disposed of six months after analyses are completed.  If you anticipate that this evidence will be needed, please contact the laboratory to arrange its return.

[11-2] at 119-20.

Harness was indicted in April of 2004.  On July 22, 2004, he received a copy of the crime lab report from the district attorney's office and filed a motion for discovery, requesting, among other things, his blood sample for independent testing.  The state failed to produce the blood sample, and on September 30, 2004, Harness filed a motion to compel.  A hearing on the motion was set for November 5, 2004.  However, unbeknownst to either the prosecution or the defense, the crime lab disposed of Harness's blood in the ordinary course of business on October 7, 2004.

Harness filed a motion to dismiss the indictment, arguing that the crime lab's destruction of his blood sample denied him the right to an independent test that might have disclosed exculpatory evidence.  After a hearing, the trial judge denied the motion.

---

[1]The legal limit for driving under the influence is .08 percent.  Miss. Code Ann. § 63-11-30.

The jury found Harness guilty of aggravated DUI, and the trial court sentenced him to twenty-five years in prison, with ten years suspended and five years of supervised probation. Harness appealed, raising as one of his assignments of error the trial court's denial of the motion to dismiss the indictment. The Mississippi Court of Appeals affirmed. *Harness v. State*, 58 So. 3d 12 (Miss. Ct. App. 2009). The Mississippi Supreme Court granted a writ of certiorari on the issue of the trial court's denial of the motion to dismiss and affirmed.[2] *Harness v. State*, 58 So. 3d 1 (Miss. 2011) (*en banc*).

### III.  ANALYSIS

The claim asserted in Harness's habeas petition was adjudicated on the merits by the state court. It is therefore subject to the highly deferential standard of review set forth in the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254(d), which allows habeas relief in this case only if the state court's rejection of Harness's claim involved "an unreasonable application of . . . clearly established Federal law . . . as determined by the Supreme Court of the United States" or "an unreasonable determination of the facts" in light of the evidence presented to the state court. *Id.* The Supreme Court has repeatedly emphasized that " 'an *unreasonable* application of federal law is different from an *incorrect* application of federal law.'" *Renico v. Lett*, 599 U.S. 766, 773 (2010) (quoting *Williams v. Taylor*, 529 U.S. 362, 410 (2000)). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent

---

[2]The supreme court initially reversed, finding that Harness was entitled to independent testing of his blood sample and that the state's failure to honor his timely request for the sample violated his due process rights under Mississippi law. *Harness v. State*, 2010 WL 2106027 (Miss. May 27, 2010). However, the opinion was withdrawn on rehearing.

3

judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411. Rather, the application must be not only incorrect but also "objectively unreasonable." *Id.* at 409.

The circumstances concerning the testing and destruction of the blood sample were explained by John Stevenson, the forensic scientist at the state crime laboratory who performed the analysis of Harness's blood sample, in testimony at both the hearing on the motion to dismiss and at trial. Stevenson explained that the lab received Harness's blood sample on October 7, 2003. The first analysis, consisting of duplicate testing, was performed on October 16, 2003, and yielded blood alcohol readings of .1176 percent and .1234 percent. Because these results were not within the standard deviation set by the lab's operating procedures, they were not reported. Instead a second analysis, also run in duplicate, was conducted on October 23, 2003. The second analysis resulted in blood-alcohol readings of .1175 percent and .1170 percent. The lab reported the value of .11. The sample was disposed of in the ordinary course of business on October 7, 2004.

The standards for analysis of a due process claim involving destruction of evidence are set forth in *California v. Trombetta*, 467 U.S. 479 (1984), and *Arizona v. Youngblood*, 488 U.S. 51 (1988). In *Trombetta*, the Supreme Court held that a defendant's rights are violated by the destruction of material evidence, defined as evidence that possesses "an exculpatory value that was apparent before the evidence was destroyed" and "that is of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." *Id.* at 489. This doctrine was subsequently expanded in *Arizona v. Youngblood*, 488 U.S. 51 (1988), in which the Court held that the destruction of

4

evidence that is only potentially useful to the accused, rather than material and exculpatory, also constitutes a denial of due process if the defendant can show bad faith on the part of the party who destroyed it.  *Id.* at 57.

Harness has not shown a violation under either of these standards.  Harness's blood sample had no exculpatory value that was apparent prior to its destruction: The lowest result obtained in the four tests performed upon it was higher than .11 percent, the value reported, and well above the legal limit.   Furthermore, there is no reason to believe that it could have been potentially useful for his defense, and, in any event, there is nothing in the record to suggest that anyone acted in bad faith in destroying the sample or allowing it to be destroyed.  The state court's rejection of this claim was not contrary to, nor did it involve an unreasonable application of, clearly established Supreme Court jurisprudence; neither was it based upon an unreasonable determination of the facts.  Accordingly, no relief is available.

## IV.  CONCLUSION

Harness has failed to establish that he is entitled to habeas relief.   For this reason, the undersigned recommends that the petition be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th

Cir. 1996)

Respectfully submitted, this the 4th day of September, 2014.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE